```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MARK SCHACK,

    Petitioner,

v.                        Case No:  2:16-cv-438-FtM-29MRM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

    Respondents.

_____

## ORDER

This matter comes before the Court on pro se Petitioner's motion to stay and hold in abeyance his habeas petition until the resolution of all state remedies (Doc. #21) filed on May 8, 2017. Petitioner states that he still has a remedy in the Second District Court of Appeals based upon the decision in <u>Wardlow v. State</u>, 2017 WL 945528 (Fla. 2d DCA Mar. 10, 2017). In <u>Wardlow</u>, appellate counsel failed to argue that the jury instruction regarding manslaughter constituted fundamental error for including an element of intent not present in the statutory definition of the crime. <u>Id.</u>

The Florida Attorney General conceded that the manslaughter jury instruction given to Wardlow's jury was a fundamental and reversible error under Florida law. <u>Id.</u> The facts in <u>Wardlow</u> are similar to the facts in Petitioner's case in that Petitioner also

brings a claim that he was denied effective assistance of appellate counsel for counsel's failure to challenge the manslaughter instruction. Petitioner moves for a stay while his motion based on Wardlow proceeds in state court.

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358–59 (11th Cir. 2003).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the

opportunity to pass on and correct alleged violations of its' prisoners federal rights.'")). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Pruitt, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004).

The Supreme Court in Rhines v. Webber, held that "it likely would be an abuse of discretion for a district court to deny a stay and to **dismiss** a mixed petition if the petitioner had good cause for his **failure** to **exhaust**, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 278 (2005) (emphasis in original). In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id.; see Rose v. Lundy, 455 U.S. 508 522 (1982) (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief").

In this instance, Petitioner's Petition is a mix of exhausted and unexhausted claims. Petitioner had good cause for his failure

to exhaust because the relief sought in the Second District Court of Appeals was not available until the Second District decided <u>Wardlow</u> in March of 2017. Thus, Petitioner's Motion is not a dilatory tactic. Furthermore, without making a determination on the merits of Petitioner's claim, the court notes that the Attorney General in her response expressed that Petitioner "may be entitled to relief in the Second District pursuant to <u>Wardlow v. State</u>, 2017 WL 945528 (Fla. 2d DCA March 10, 2017)." So Petitioner's unexhausted claim is potentially meritorious. As such, good cause exist to grant the motion to stay the case and hold it in abeyance until the state claim for ineffective assistance of appellate counsel is exhausted.

Accordingly, it is hereby

**ORDERED:**

Pro Se Petitioner's motion to stay and hold in abeyance his habeas petition until the resolution of all state remedies (Doc. #21) is **GRANTED**.

(1) Petitioner's Petition is hereby **STAYED** pending the result of the state court claim.

(2) The Petitioner is directed to file a status report every sixty days informing the Court of the claim in state court.

(3) The Clerk of the Court is directed to flag the case as **STAYED** and administratively close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Mark Schack
Counsel of Record
SA: FTMP-2